IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT MCBRIDE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.:  06-1017-JPG |
| vs. ) | |
| ) | |
| **CSX TRANSPORTATION, INC.** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

**(Federal Employers' Liability Act)**

COMES NOW the Plaintiff, ROBERT MCBRIDE, by and through his attorneys, KUJAWSKI & NOWAK, P.C., and for his Complaint against the Defendant, CSX TRANSPORTATION, INC., (hereinafter referred to as CSX), states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51-60, and Title 28 Section 1331, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, CSX, was a corporation that operated and maintained an interstate system of railroads and engaged in interstate transportation and commerce between various states including the State of Illinois.

3. That at all times relevant herein, the Plaintiff, Robert McBride, was employed by the Defendant, CSX, as a locomotive engineer, and had been since on or about September 16, 1996.

1

4.    That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant or in some way directly or substantially affected said commerce.

5.    That on or about April 12, 2004, while working in the course and scope of his employment as a locomotive engineer for the Defendant at or near Mount Vernon, Posey County, Indiana, Plaintiff injured his right hand on the independent braking system.

6.    That at the said time and place, the Defendant, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

- (a) Failed to utilize proper equipment for the safe and effective performance of Plaintiff's job duties on the date of Plaintiff's injury;

- (b) Allowed and permitted dangerous and/or hazardous conditions to exist with which its employees were required to work;

- (c) Failed to provide Plaintiff with a reasonably safe place to work;

- (d) Failed to provide Plaintiff with reasonably safe conditions to work;

- (e) Failed to provide Plaintiff with reasonably safe equipment;

- (f) Failed to warn and/or properly warn Plaintiff with regard to the switching conditions in existence on the date of Plaintiff's injury;

- (g) Allowed unsafe practices to become the common practice;

- (h) Failed to adopt, implement, install, enforce and/or carry out safe customs, methods, procedures and practices for performing switching operations; and

- (i) Ordered Plaintiff to operate a locomotive engine that was not suitable and inappropriate for the switching task(s) performed on the date of Plaintiff's injury.

7. That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff injured his right hand on the independent braking system causing the Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, bones, and soft tissues of his right hand and fingers; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to spend large sums of money for necessary medical care, treatment, and services; that he has sustained a permanent impairment of enjoyment of life, all to Plaintiff's damage.

WHEREFORE, the Plaintiff, Robert K. McBride, prays judgment against the Defendant, CSX Transportation, Inc., in an amount in excess of $75,000.00 adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

        **KUJAWSKI & NOWAK, P.C.**

By: **s/Michael K. Nowak**
**MICHAEL K. NOWAK, #06191078**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois  62269-1764
(618) 622-3600 – Telephone
(618) 622-3700 – Facsimile
**ATTORNEYS FOR PLAINTIFF.**