UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MCBRIDE, <br><br> Plaintiff, <br><br> v. <br><br> CSX TRANPORTATION, INC., <br><br> Defendant. | Case No. 06-cv-1017-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on defendant's motion to transfer (Doc. 11), to which the plaintiff has responded (Doc. 14). For the following reasons, the Court will **DENY** the defendant's motion and decline to transfer this case.

## BACKGROUND

Robert McBride filed this action, pursuant to the Federal Employers' Liability Act, on December 13, 2006. McBride contends that, while working as a locomotive engineer for defendant CSX Transportation, Inc. (CSX) in Mount Vernon Indiana, he injured his right hand on the independent braking system of a CSX train. He further contends that his injury resulted from CSX's negligence.

In its motion, CSX argues that this matter should be litigated in the United States District Court for the Southern District of Indiana, rather than the Southern District of Illinois. CSX contends that transfer to the Evansville Division of the Southern District of Indiana is appropriate because it is the District where McBride's injury occurred, McBride obtained all his medical care, the evidence exists, and the fact witnesses are located. In response, McBride maintains that venue in this District is proper.

## ANALYSIS

CSX has moved for a transfer of this case pursuant to 28 U.S.C. § 1404(a). Under this section, a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient," *Coffey*, 796 F.2d at 219-20, and the Court must give some weight in favor of the forum in which the plaintiff chose to file the complaint, *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. One of these factors is where the litigants are more likely to receive a

speedy trial. *Id.*

In light of the particular circumstances of this case, the Court finds that CSX has not established that the Southern District of Indiana is clearly more convenient to the parties and the witnesses than the Southern District of Indiana.  While the Southern District of Indiana is the locus of the events giving rise to this action and place of residence of a number of the potential witnesses in this case, it is not demonstrably more convenient than this District.  In the first place, the relatively short distance between Benton and Evansville makes CSX's arguments regarding witness and party convenience marginal at best.  Despite the fact that McBride does not reside in this District, the Court must afford his choice of forum some deference.  *See Heller Fin. Inc.*, 883 F.2d at 1294; *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).

Whether a transfer is in the interest of justice relates to the efficient administration of the court system; it is unrelated to the merits of the action. *Coffey*, 796 F.2d at 221.  In this vein, courts consider, among other things, whether a transfer makes a speedy trial more likely, whether the judge in the transferee court is more familiar with applicable state law, whether the jurors have a financial interest in the case and in which district a jury could best apply community standards. *Id.* at 221, 221 n.4.  Another factor given consideration in this analysis is the availability of compulsory process. *See, e.g., FUL Inc. v. Unified School Dist. No. 204*, 839 F.Supp. 1307, 1311-12 (N.D. Ill. 1993).

CSX contends that a transfer is in the interest of justice because jurors in Indiana have an interest in the outcome of the litigation and because this Court does not have the power to compel witnesses to appear in Court.  The Court agrees with the first proposition, but disagrees with the second.  Jurors in Indiana probably have a greater interest in ensuring that the railroad carriers which operate in their area operate safely with respect to their employees.  Nevertheless,

because carriers like CSX hire employees from all different states, given the interstate nature of their business, jurors in this District will have similar interests. As to compelling witnesses to appear in this District, CSX's arguments are far weaker. This is because "it is generally assumed that witnesses within the control of the party calling them, such as employees [and family members], will appear voluntarily." *FUL, Inc. v. Unified School Dist. No. 204*, 839 F.Supp. 1307, 1311 (N.D. Ill. 1993). Since 8 of the 11 witnesses listed by CSX are likely McBride's supervisors and coworkers, the Court finds is quite likely that CSX will be able to compel their attendance.

On the whole, the Southern District of Indiana is probably slightly more convenient than the Southern District of Illinois. The interest of justice prong probably goes slight in favor of that District as well. Nevertheless, the Court finds that these interests do not weigh heavily enough in favor of the Southern District of Indiana to require a transfer. Put another way, CSX has failed to meet its burden.

## CONCLUSION

CSX's motion to transfer (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 13, 2007**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**