UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT MCBRIDE,

    Plaintiff,

v.

CSX TRANSPORTATION INC.,

    Defendant.

Case No. 06-cv-1017-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Reversal or in the Alternative, New Trial, or in the Alternative, Remittitur (Doc. 51). Also before the Court is Plaintiff's Motion for Costs (Doc. 49) to which Defendant has objected and Plaintiff has responded.

## BACKGROUND

This Federal Employers' Liability Act (FELA) case was tried to a jury August 18 and 19, 2008. The jury returned a verdict in favor of Plaintiff. The jury determined that Plaintiff's damages were $275,000 (two hundred and seventy-five thousand dollars). The jury further determined that Plaintiff's contributory negligence was responsible for 33% of Plaintiff's damages. The Court decreased Plaintiff's total award accordingly.

## ANALYSIS

Defendant first contends that the Court erred when it refused to instruct the jury on the issue of proximate cause in a FELA case. For the reasons given by the Court in the jury instruction conference, the Court rejects this contention.

Defendant next contends that the Court erred when it denied Defendant's Motion for a

1

Directed Verdict. The relevant inquiry for the Court is "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed." *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629 (7th Cir.1996). Here, Plaintiff put forth sufficient evidence from which a jury could conclude that Defendant was negligent and that such negligence caused Plaintiff's injuries. As a result, Defendant is not entitled to a directed verdict.

Finally, Defendant contends that the jury award to Plaintiff was excessive. Because there was a rational connection between the evidence on damages and the verdict, the Court will not disturb the jury's award. *Frazier v. Norfolk & Western Ry. Co.*, 996 F.2d 922, 925 (7th Cir. 1993).

Finally, Defendant objects to the Plaintiff's bill of costs insofar as Plaintiff seeks three hundred dollars in costs for videography of the deposition of Paul Perry, M.D., which was played in Plaintiff's case in chief. The videography of depositions may properly be taxed as costs. *See Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 701 (7th Cir. 2007). Defendant concedes the propriety of the other costs to which Plaintiff contends he is entitled. Therefore, the Court will award the amount prayed for in Plaintiff's Motion.

## CONCLUSION

The Court **DENIES** Defendant's Motion (Doc. 51) and **GRANTS** Plaintiff's Motion (Doc. 49). The Court awards Plaintiff costs in the amount of $1,265.97 (one thousand two hundred sixty five dollars and ninety-seven cents).

**IT IS SO ORDERED.**
**DATED: September 8, 2008**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**